FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 APR 20 PM 12: 09

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

BRUCE WALLACE,      )
     )
     Plaintiff,      )
     )
v.      )      CV 109-039
     )
RONNIE STRENGTH, Sheriff, and      )
CHESTER V. HUFFMAN, Captain,      )
     )
     Defendants.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Charles B. Webster Detention Center in Augusta, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or filed three appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Wallace v. Strength, Civil Case No. 102-089 (S.D. Ga. Apr. 25, 2003) (dismissed for failure to state a claim upon which relief may be granted);[2] (2) Wallace v. Overstreet, Civil Case No. 100-169 (S.D. Ga. Dec. 15, 2000) (dismissed for failure to state a claim upon which relief may be granted); and (3) Wallace v. Webster, Civil Case No. 100-075 (S.D. Ga. Mar. 20, 2003) (appeal dismissed as frivolous).

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2]The Court also notes that the Eleventh Circuit dismissed Plaintiff's appeal in this case "for want of prosecution because the appellant has failed to file a motion for reconsideration within 35 days of the entry of the order finding this appeal frivolous . . . ." CV102-089, doc. no. 23.

2

As Plaintiff filed a complaint or an appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted in each of the cases cited above, these previously dismissed cases and appeals qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.      No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Eleventh Circuit has also instructed that courts should consider whether the "complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). In his complaint, Plaintiff fails to demonstrate that he was in any imminent danger of serious physical injury at the time he filed his complaint. More specifically, Plaintiff alleges that he broke his right wrist five (5) months prior to his arrest on February 16, 2009. (Doc. no. 1, p. 5). However, he contends that his wrist never completely healed and that when he was arrested, he informed a nurse at Charles B. Webster Detention Center of his condition. (Id.). According to Plaintiff, he has now been incarcerated at the detention center for one month without seeing a doctor or receiving any pain medication. (Id.). However, Plaintiff does not allege in his complaint that he is unable to write or perform his daily activities as a result of the pain in his wrist. Nor

does he contend that he has suffered from any type of infection or illness as a result of his alleged ailment.

The issue here is whether Plaintiff's allegations are sufficient to establish "imminent danger of serious physical injury" warranting an exception to the three-strike rule under 28 U.S.C. § 1915(g). In considering that issue, the Court finds the Eleventh Circuit's opinion in Brown instructive. In that case, the prisoner had alleged that prison doctors withdrew treatment for HIV and hepatitis, and that as a result, he had developed various skin infections, severe vision problems, and prolonged stomach pain. Brown, 387 F.3d at 1350. He also alleged that if he did not receive treatment, his condition would rapidly deteriorate, and he would be more susceptible to various illnesses, including "pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." Id. Accepting these allegations as true, the Eleventh Circuit concluded that the prisoner had sufficiently alleged imminent danger of serious physical injury. Id. (citations omitted).

Plaintiff's allegations in the instant case come nowhere close to paralleling those described in Brown. Indeed, Plaintiff simply alleges that he broke his wrist prior to being incarcerated; apparently, his wrist never completely healed, and he is now being denied pain medication. (Doc. no. 1, p. 5). Moreover, unlike the prisoner in Brown, Plaintiff does not contend that his condition is rapidly deteriorating or that he has suffered any sort of illness or infection as a result of the alleged denial of treatment and lack of medication. See Skillern v. Paul, 202 Fed. App'x 343, 344 (11th Cir. Oct. 4, 2006) (finding that prisoner's "vague statements" that did not allege "specific facts about the consequences of being deprived medication" did not warrant an exception to the three-strike rule under § 1915(g)). While

4

Plaintiff may be uncomfortable, viewing his complaint as a whole, he is certainly not in imminent danger of serious physical injury. Therefore, he has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of April, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE